**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONNELL BRANCH WARCHESUNSAPE,<br><br>Plaintiff,<br><br>v.<br><br>HILL WALLACK LLP, THE CITY OF NEWARK, OFFICE OF THE ESSEX COUNTY SHERRIF, MICHELLE R. JONES, LAWRENCE J. FRISCIA, MARK A. RONEY, ERIC PAUL KELNER, MICHAEL KAHME, WILMINGTON SAVINGS FUND SOCIETY, FSB, UMB BANK, N.A., ICE MORTAGE TECHNOLOGY BLACK KNIGHT INC., CORELOGIC INC., and EDMUNDS GOVTECH,<br><br>Defendants. | Case No. 2:26-cv-11609 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Donnell Branch Warchesunsape's ("Plaintiff") amended complaint ("Amended Complaint") against various defendants ("Defendants") alleging violations of 42 U.S.C. § 1983, 18 U.S.C. § 1964,[1] 42 U.S.C. § 2000d, 25 U.S.C. § 177, the Fourth, Fifth, Fourteenth Amendments to the United States Constitution, and Article VI of the United States Constitution. (ECF No. 5.) Previously, this Court dismissed Plaintiff's petition to proceed in *forma pauperis* ("IFP") without prejudice due to several deficiencies and provided leave to file an amended IFP application. (ECF Nos. 1 and 4.) On September 11, 2026, Plaintiff filed an amended

[1] The Court construes Plaintiff's Amended Complaint as alleging violations of 18 U.S.C. § 1962.

IFP application along with an Amended Complaint.[2] (ECF Nos. 5, 6.) Having reviewed the IFP application pursuant to 28 U.S.C. § 1915, the application is **GRANTED**.

At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Amended Complaint is **DISMISSED** in its entirety.

## I. BACKGROUND

Plaintiff brings this action to halt an alleged unconstitutional asset seizure against lot coordinates 54 Hobson Street, Newark, NJ 07112 (Block 3060, Lot 8). (ECF No. 5.) Plaintiff vaguely alleges Defendants "combined their database tracking networks and algorithmic software loops to siphon an open municipal utility delinquency of $5,686.43" that Plaintiff purports belongs to a separate legal entity at 214 Roseville Avenue, Newark, NJ 07112. (*Id.*) Plaintiff also vaguely alleges that Defendants "manufactured a fraudulent, inflated ledger that overcharged Plaintiff[] by an unauthorized $19,565.57 . . . and engineered a complete electronic notice blackout via a mandatory 'Bar ID Block' database filter[.]" (*Id.*)

Plaintiff seeks monetary damages in the sum of $50,000,000.00, as well as injunctive relief enjoining the underlying state foreclosure and tax sale. (*Id.*)

## II. LEGAL STANDARD

This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is proceeding IFP. *See Jones v. Grill*, Civ. A. 21-2091, 2024 WL

---

[2] The Amended Complaint is deemed to be the operative complaint as Plaintiff is not permitted to submit pleadings in piecemeal. Therefore, the Court only reviews this Amended Complaint.

3423707, at *2 n.3 (3d Cir. July 16, 2024) ("[T]he standard for dismissal under § 1915(e)(2)(B)(ii) is the same as under Federal Rule of Civil Procedure 12(b)(6)."). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DECISION

The Amended Complaint is facially deficient because it does not put individual defendants on notice of the allegations against them specifically. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Amended Complaint suffers from improper group pleading. *See Sheeran v. Blyth Shipholding S.A.*, Civ. A. No. 14-5482, 2015 WL 9048979 (D.N.J. Dec. 16, 2015) ("Without any additional guidance as to the Defendants themselves and what functions they performed, it is impossible to untangle Plaintiffs' specific theory of liability against each individual Defendant.").

The Amended Complaint alleges that all Defendants "combined their database tracking networks and algorithmic software loops to siphon an open municipal utility delinquency" and

"manufactured a fraudulent, inflated ledger that overcharged" Plaintiff. (ECF No. 5.) But none of these allegations attributes specific conduct to a specific Defendant, or when the Defendants committed them. Therefore, the Court is unable to "draw the reasonable inference that [a particular] defendant is liable for the misconduct alleged." *Belmont*, 708 F.3d at 483 n.17 (quoting *Iqbal*, 556 U.S. at 678).[3]

## IV. CONCLUSION

For the reasons set forth above, the Amended Complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an Amended Complaint limited to curing the deficiencies addressed in this Opinion. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: September 22, 2026

[3] The Court also dismisses on the grounds that Plaintiff has failed to establish facts that satisfy the elements of either 42 U.S.C. § 1983 or 18 U.S.C. § 1962. Nor has the Plaintiff explained why the numerous municipal Defendants are not entitled to sovereign immunity. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). Pursuant to *Monell*, a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. at 694. Instead, the local government is subject to suit under Section 1983 only "if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)).