**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONNELL BRANCH WARCHESUNSAPE,<br><br>Plaintiff,<br><br>v.<br><br>HILL WALLACK LLP, *et al*.<br><br>Defendants. | Case No. 2:26-cv-11609 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Donnell Branch Warchesunsape's ("Plaintiff") second amended complaint ("Second Amended Complaint"), filed pursuant to 18 U.S.C. § 1964(c), the Indian Non-Intercourse Act, the Federal False Claims Act, the Fair Debt Collection Practices Act, the Preemption Clause, and the Fourth, Fifth, Fourteenth Amendments to the United States Constitution. (ECF No. 9.) Previously, this Court denied Plaintiff's petition to proceed in *forma pauperis* without prejudice due to several filing deficiencies and provided leave to amend. (ECF Nos. 1 and 4.) The Court later granted Plaintiff's IFP application and dismissed Plaintiff's First Amended Complaint for failure to comply with Rule of Civil Procedure ("Rule") 8(a). (ECF Nos. 5, 7–8.)

On September 28, 2026, Plaintiff filed a Second Amended Complaint. (ECF No. 9.) Therefore, at this time, the Court must review the operative Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

Additionally, Plaintiff filed a request for summons[1] to be issued as to several enumerated Defendants (ECF No. 10) as well as a Motion for a Temporary Restraining Order ("TRO") to enjoin the Essex County Sherrif sale and auction of 54 Hobson Street scheduled for October 27, 2026 (ECF No. 11).

For the reasons set forth below, the Second Amended Complaint is **DISMISSED WITH PREJUDICE** and the emergency application is **DENIED AS MOOT**.

## I. Background

Plaintiff is seeking an order dismissing a foreclosure action filed on January 9, 2024 against BB Real Estate Investments LLC with respect to a commercial mortgage encumbering 54 Hobson Street, Newark, New Jersey. (ECF No. 9 at 83.) On June 4, 2026, Plaintiff moved for identical relief in Essex County Superior Court, which was denied on July 8, 2026 on procedural grounds. (*Id.*) Plaintiff refiled his application in Essex County Superior Court. (*Id.*) On September 15, 2026, the court again denied Plaintiff's application for lack of standing and for failure to satisfy the requirements of New Jersey Rule of Court 4:50-1 (describing the requirements to secure relief from judgement or order.) (*Id.* at 84.)

## II. Legal Standard

This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as indigent. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,

[1] In light of the Second Amended Complaint's dismissal, this request is denied as moot.

the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Issue preclusion, also known as collateral estoppel, is a doctrine which bars parties from re-litigating an issue determined by a "final and valid" judgment in any future lawsuit. *United States v. Rigas*, 605 F.3d 194, 217 (3d Cir. 2010). Courts assess five factors to determine if issue preclusion bars a claim in a new litigation:

> (1) the identical issue was decided in a prior adjudication; (2) the issue was actually litigated; (3) there was a final judgment on the merits; (4) the determination was essential to the earlier judgment; and (5) the party against whom the doctrine is asserted was a party or in privity with a party to the earlier proceeding.

*Fitzgerald v. Shore Mem'l Hosp.*, 92 F. Supp. 3d 214, 225–26 (D.N.J. 2015). When determining whether an issue is identical between litigations, the issues must be "in substance the same." *Pasqua v. Cnty. of Hunterdon*, Civ. A. No. 15-3501, 2017 WL 5667999, at *15 (D.N.J. Nov. 27, 2017). In assessing similarity, courts consider "whether there is substantial overlap of evidence or argument in the second proceeding; whether the evidence involves application of the same rule of law; whether discovery in the first proceeding could have encompassed discovery in the second; and whether the claims asserted in the two actions are closely related." *Strassman v. Essential Images*, Civ. A. No. 17-4227, 2018 WL 1251636, at *5–6 (D.N.J. Mar. 12, 2018) (quoting *First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. 2007)).

Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994).

In order to obtain a temporary restraining order, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. Cnty. of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).

The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly*, 858 F.3d at 179. A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1427 (3d Cir. 1994) (citation omitted).

## III. DECISION

### A. Screening The Second Amended Complaint

Although Plaintiff's claims are being presented slightly differently here, it is based on the same operative facts that were already fully litigated in Essex County Superior Court and

dismissed with prejudice. (ECF No. 9 at 86.) Plaintiff's motion in the state court action alleged that public records and "notice metrics from Hill Wallack LLP show[s] an illegal $19,565 price inflation over the certified writ baseline" as well as "fraud using the machinery of the Court" in executing the foreclosure. (*Id*. at 79.) Plaintiff further alleged Defendants "failed to show a clean ledger under corporate veil-piercing standards" and engaged in "extrajudicial contempt outside the electronic [] portal framework." (*Id*.) Plaintiff also made allegations concerning the August 7, 2026 foreclosure sheriff's sale notice packet and numerous Fourth Amendment violations. (*Id*.) The state court squarely addressed these allegations and held the facts did not "establish fraud, misrepresentation, or a basis to vacate final judgment." (*Id*. at 85.) The state court also denied Plaintiff's application because it found Plaintiff lacked standing to bring the action on behalf of BB Real Estate Investments LLC or in his individual capacity. (*Id*.)

Here, Plaintiff alleges "Defendant Office of the Essex County Sheriff, acting via its Foreclosure Unit, implemented an unconstitutional, non-audited custom" causing a seizure of Plaintiff's property, and that Essex County Sheriff "accepted a baseline execution writ of $228,138.99, yet actively authorized Hill Wallack LLP to enforce an upset price of $247,704.56 – and an unauthorized $19,565.57 inflation . . . overcharge on the ledger."[2] (*Id*. at 20.) Plaintiff also alleges numerous Constitutional violations, namely, that the foreclosure constituted an "[a]rbtirary property liquidation . . . driven by an unauthorized 13.7 overcharge sale." (*Id*. at 2.)

---

[2] Plaintiff also lists a slew of other artificial intelligence generated allegations concerning "an unconstitutional property extraction against lot coordinates 54 Hobson Street (Block 3060, Lot 8)" and how Defendants "deployed a 'double-ledger' portal glitch via Edmunds GovTech to leave contractually satisfied escrow credits open on secondary screens while siphoning a foreign monthly water delinquency from 214 Roseville Avenue onto 54 Hobson Street." (ECF No. 9 at 22.) All the allegations in the Second Amended Complaint stem from the same foreclosure action that Plaintiff challenged in the original state court action.

The issues to be litigated here concerning the writ of execution on 54 Hobson Street are "in substance the same" between the state and federal court action. *Pasqua*, 2017 WL 5667999, at *15. Not only is there "substantial overlap of evidence or argument" between the two proceedings, but the two requests for relief invoke similar statutes and Constitutional provisions. *See Strassman*, 2018 WL 1251636, at *5–6. Therefore, the Court finds the requirements of collateral estoppel are satisfied[3]: (1) identical issues were decided in a prior adjudication; (2) the issues were actually litigated[4]; (3) there was a final judgment on the merits; and (4) the determination was essential to the earlier judgment. *See Fitzgerald*, 92 F. Supp. 3d at 225–26.

Additionally, the *Rooker-Feldman* doctrine bars consideration of Plaintiff's Second Amended Complaint. "The *Rooker-Feldman* doctrine is based on 'the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision.'" *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003) (quoting *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000)). The *Rooker-Feldman* doctrine prohibits federal district courts from adjudicating actions where the plaintiff requests relief that requires finding that the state court's decision was wrong or voidable,

---

[3] The Court also agrees with the Essex County Superior Court judgement on the merits that Plaintiff lacks standing to challenge government action targeting property owning to BB Real Estate Investment LLC. (ECF No. 9 at 83–84.) Plaintiff was advised by this Court that the corporate plaintiff, BB Real Estate Investments, LLC, may only appear in federal court through a licensed attorney. (ECF No. 4.) Rather than procure counsel, Plaintiff chose to drop corporate Plaintiff from its Second Amended Complaint but maintain causes of action only BB Real Estate Investment LLC can pursue.

[4] The Court also notes although the state claims have been reframed somewhat as federal questions, they could and should have been brought in plaintiff's state law submissions. *See Sutton v. Sutton*, 71 F. Supp. 2d 383, 390 (D.N.J. 1999) (quotation and citation omitted) (barring a plaintiff's federal claims regarding an estate, because although reframed as federal questions, they could and should have been brought in the state proceedings, which dealt with plaintiff's initial complaint against the settlement and accounting of the same estate).

just as the Plaintiff requests of this Court. Because the state court entered a judgment denying Plaintiff's application on September 15, 2026, only three weeks ago, Plaintiff's requested relief would require the Court to find that the state judgment was flawed in some respect. This Court lacks subject matter jurisdiction to do so. Plaintiff's proper remedy is appealing through the state court system, rather than seeking relief through the federal courts.

### B. TRO

Plaintiff's Motion for a TRO fails for the same reasons the Second Amended Complaint fails. Plaintiff is unable to establish "the threshold for the first . . . 'most critical' factor[]" *Reilly*, 858 F.3d at 179. Namely, Plaintiff will not be able to establish "a reasonable probability of eventual success in the litigation[.]" *Id*. at 176 (citation omitted).

## IV. CONCLUSION

For the reasons set forth above, the Second Amended Complaint (ECF No. 9) is **DISMISSED WITH PREJUDICE**[5] and the Motion for TRO (ECF No. 11) is **DENIED**. An appropriate order follows.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: October 9, 2026

[5] "Reasons a court could deny leave to amend include undue delay, bad faith, dilatory motive, prejudice, and futility." *Fonti v. Health Pros. & Allied Emps*., Civ. A. No. 13-4231, 2015 WL 1523834, at *3 (D.N.J. Apr. 2, 2015). "An amendment is futile if the amended complaint would not survive a motion to dismiss." *Cnty. of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009) (citing *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)). The Court declines to grant Plaintiff an opportunity to amend, because any amendment of the Second Amended Complaint would be futile. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002) (recognizing long tradition of denying leave to amend under Rule 15(a) when amendment is futile, and this standard applies to IFP plaintiffs).